IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| DONALD LEGGETT, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:05-0954 |
| | ) | |
| TODD R. CRAIG,[1] | ) | |
| Warden, FCI Beckley, | ) | |
|     Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Eastern District of North Carolina; and (3) in any event, Petitioner is not entitled to relief based upon Rule 11 of the Federal Rules of Criminal Procedure.

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## **FACTS AND PROCEDURE**

On July 23, 2001, Petitioner pled guilty in the United States District Court for the Eastern District of North Carolina to knowingly and intentionally distributing at least 5 grams of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). (Document No. 1, p. 1.); United States v. Leggett, Criminal Case No. 7:03-00037 (E.D.N.C. Nov. 6, 2001). On November 6, 2001, the District Court sentenced Petitioner to a 176-month term of imprisonment to be followed by a five-year term of supervised release. The District Court also imposed a $100 special assessment and a $9,100 fine. United States v. Leggett, Criminal Case No. 7:03-00037, Document No. 23. Petitioner did not appeal his conviction or sentence. (Document No. 1, p. 2.)

On November 14, 2003, Petitioner filed in the Eastern District of North Carolina a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. United States v. Leggett, Criminal Case No. 7:03-00037, Document No. 25. As grounds for relief, Petitioner alleged ineffective assistance of counsel and improper sentencing enhancement. (Document No. 1, p. 3.) On April 2, 2004, the District Court ordered that Petitioner's Motion be denied as untimely. United States v. Leggett, Criminal Case No. 7:03-00037, Document No. 28. Petitioner did not appeal the District Court's decision.[3]

On December 5, 2005, Petitioner filed the instant Application alleging that his conviction is unconstitutional because he entered into his plea without knowledge that his sentence could be enhanced based upon his criminal history. (Document Nos. 1 and 2.) Specifically, Petitioner states as follows:

---

[3] The undersigned notes that Petitioner filed in the Eastern District of North Carolina a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense on December 19, 2008. *United States v. Leggett*, Criminal Case No. 7:03-00037, Document No. 31. This motion is currently pending before the District Court.

> Pursuant to the 6th Amendment to the United States Constitution, the Petitioner's rights were indeed violated because the Petitioner pled guilty to one-count of the Indictment, and not to the fact that they would use his criminal history, without informing him of the same, before the fact. . . .
>
> A so-called blind plea agreement - the Due Process Clause of the Fourteenth Amendment requires that a plea of guilty be made knowingly and voluntarily because it involves a waiver of constitutional rights on the part of the person making the plea. Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of a guilty plea in federal courts. . . .
>
> Accordingly, and in essence, because the Petitioner was never made aware of the consequences of the guilty plea (before the fact), and the fact that the Petitioner was never questioned about his criminal history before the fact (plea agreement), the Petitioner should be given the full benefit of the guilty plea, and resentenced fairly, without the enhancement of points.

(Document No. 2, p. 2.)

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of

conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of North Carolina. Specifically, Petitioner alleges that his sentence is unconstitutional because he was not notified that his sentence could be enhanced based upon his criminal history.[4] (Document No. 2, pp. 2 - 4.) Thus, Petitioner asserts that he should be "resentenced fairly, without the enhancement of points." (Id., p. 4.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

---

[4] Petitioner further appears to be asserting that trial counsel was ineffective in failing to inform Petitioner that his sentence could be enhanced based upon his criminal history. To the extent Petitioner claims ineffective assistance of counsel, this claim is properly a matter for consideration under Section 2255, not Section 2241.

4

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court and has not obtained the authorization of the Fourth Circuit to file a successive Section 2255 Motion.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Even if Petitioner is procedurally barred from proceeding under Section 2255, he does not have recourse under Section 2241. To the extent Petitioner is alleging that the District Court violated Rule 11 by failing to notify Petitioner of the applicable sentencing enhancement, the undersigned finds the claim is without merit. Rule 11(b) only requires the Court to inform the defendant of (1) the maximum possible penalty, and (2) the Court's obligation to calculate the applicable sentencing guideline range. Fed.

R. Crim. P. 11(b). The Fourth Circuit has specifically held that Rule 11 "imposes no requirement that the court determine, and inform, the defendant of the applicable sentencing range under the Guidelines before accepting a guilty plea." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

    Date: January 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge